UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| WILLIAM L. HART, II, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 16-300-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| THOMAS R. KANE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motions to dismiss the plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Record No. 8] The plaintiff has also moved for leave to file an amended complaint. [Record No. 13] For the reasons that follow, the Court will grant defendants' motion to dismiss and deny plaintiff's motion to file an amended complaint.

**I.**

Plaintiff William Hart, II, has been incarcerated and housed at the Federal Medical Center ("FMC") in Lexington, Kentucky since December 2009. He filed this action on August 11, 2016. [Record No. 1, ¶ 10] Hart alleges that he was assigned to and participating in the horticultural program at FMC. [*Id*. at ¶¶ 11-12] He reported to the horticultural program on June 23, 2015, but asserts that he was advised by Defendant Todd Cromer that he would not to be permitted access to the tool room that day. [*Id*. at ¶¶ 13-14] Hart claims that he was allowed to continue in the program until August 14, 2015, when he was removed Cromer and

- 1 -

told that it would "make no difference what paperwork [Plaintiff] might file to challenge this decision." [*Id*. at ¶¶ 16-18]

Hart contends that he had a property interest in participating in the horticultural program and that his removal, absent due process, violated his Fifth Amendment rights. [*Id*. at ¶¶ 22-24] He also claims that, although he attempted to remedy the situation through an administrative process, he has not received a substantial decision from the prison grievance process which violates his constitutional right to procedural due process. [*Id*. at ¶¶ 26-29]

Hart also alleges that Defendants Toy and Quintana failed to adequately supervise Comer and that Toy approved his removal from the program. [*Id*. at ¶¶ 6-7] Similarly, Hart claims that Kane is named as a defendant based on "overall management and regulation of all federal penal and correctional institutions." [*Id*. at ¶ 5]

Hart requests entry of a declaratory judgment, holding that his constitutional rights were violated when he was removed from the horticultural program and when he did not receive a substantive decision regarding his administrative grievance. [*Id*. at ¶¶ 1-2] Further, he seeks a temporary and permanent injunction, reinstating him into the program. [*Id*. at ¶ 3] Finally, Hart demands $10,000 in compensatory damages, attorney fees and costs. [*Id*. at ¶¶ 5-7]

## II.

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must determine whether the subject complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

In considering a 12(b)(6) motion, the Court is required to "accept all of plaintiff's factual allegations as true and determine whether any set of facts consistent with the allegations would entitle the plaintiff to relief." *G.M. Eng'rs & Assoc., Inc. v. W. Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990) (citation omitted). However, it need not accept as true legal conclusions cast in the form of factual allegations if those conclusions cannot be plausibly drawn from the facts, as alleged. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that in reviewing a motion to dismiss, the district court "must take all the factual allegations in the complaint as true," but that the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Thus, Rule 12(b)(6) essentially "allows the Court to dismiss, on the basis of a dispositive issue of law, meritless cases which would otherwise waste judicial resources and result in unnecessary discovery." *Glassman, Edwards, Wade & Wyatt, P.C. v. Wolf Haldenstein Adler Freeman & Herz, LLP*, 601 F. Supp. 2d 991, 997 (W.D. Tenn. 2009).

## A. Official Capacity Claims

In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the United States Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights," *Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). Decisional law developed under § 1983 has been fully applied to *Bivens* suits. *Butz v. Economou*, 438 U.S. 478, 498-504 (1978).

Hart has sued defendants in their individual and official capacities. However, "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *see also Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003) (affirming dismissal of *Bivens* claim asserted by a federal prisoner against a federal official in his official capacity). Therefore, Hart has failed to state a valid claim against all defendants in their official capacity.

## B. Horticultural Program

Hart asserts that his Fifth Amendment rights were violated when he was removed from the horticultural program. He claims to have a constitutionally-protected property interest in his continued participation in that program. [Record No. 1, ¶ 22] However, it is well-settled that an inmate has no constitutional right to vocational training or rehabilitative programs. *Rhodes v. Chapman,* 452 U.S. 337, 348, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981); *Moody v. Daggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). Further, prisoners have

no right to any particular programming, prison job, or certain educational and vocational training. *Baumann v. Arizona Dep't of Corrections,* 754 F.2d 841, 846 (9th Cir.1985) (no constitutional right to jobs and educational opportunities).

Hart attempts to distinguish this settled issue by drawing attention to the cases cited by the defendants and involving claims by prisoners who wished to become members of a program, not prisoners who were already in a program. But this attempted distinction is misguided. Hart does not have a constitutionally-protected right to continued participation in the subject program "because the loss of his position does not impose an 'atypical and significant hardship … in relation to the ordinary incidents of prison life.'" *Dobbins v. Craycraft*, 423 F. App'x 550, 552 (6th Cir. 2011) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed. 418 (1995). Further, the FMC regulations attached to Hart's memorandum do not constitute a clearly-established property interest in participation in the horticultural program. "Ultimately, staff have the right to assign/reassign inmates to jobs based on institutional needs, security concerns and inmates' work performance." [Record No. 11, Exhibit A, p. 10][1] Based upon the foregoing, Hart's Fifth Amendment claim regarding his removal from the horticultural program will be dismissed for failure to state a claim.

---

[1] The authority cited by Hart does not stand for the proposition that he has a constitutionally-protected property interest in the continued participation in the horticultural program. [Record No. 11, pp. 4-5] The cases involve prison disciplinary processes and the loss of good time credits, which affects the duration of imprisonment.

### C. Grievence Program

Hart also contends that his Fifth Amendment right to procedural due process was violated because of a lack of substantive administrative decision by the prison grievance system. Although he complains about the denial of his administrative grievances, the denial or the failure to act upon the filing of a grievance is insufficient to establish liability under *Bivens*. *See Alder v. Correctional Med. Servcs.,* 73 F. App'x 839, 841 (6th Cir.2003). Further, the denial of administrative remedies does not constitute a violation of Hart's Fifth Amendment right to due process of law, because there is no inherent constitutional right to an effective or responsive prison grievance procedure. *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir.2003); *Overholt v. Unibase Data Entry, Inc.,* 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Table) ("Hence, [plaintiff's] allegations that the defendants did not properly respond to his grievances simply do not rise to the level of a constitutional violation."); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991).

Hart relies on the Supreme Court's decision in *Ross v. Blake*, for his claim of a right to file a grievance and receive a substantive response. [Record No. 11, pp. 6-7] But this reliance also is misplaced. *Ross* does not hold that an inmate has a constitutional right to file a grievance and obtain a response. Rather, *Ross* examines the Prison Litigation Reform Act's prisoner exhaustion requirement. 136 S.Ct. 1850, 1856-60 (2016). Based upon the foregoing, Hart's Fifth Amendment claim regarding the lack of substantive administrative decision from the prison grievance system will be dismissed for failure to state a claim.

### D. Supervisory Liability

To the extent that Hart has named BOP Acting Director Thomas Kane, FMC Warden Francisco Quintana, and FMC Assistant Warden Randolph Toy as defendants based on their supervisory capacity, those claims will be dismissed as well. It is settled law that *respondeat superior* cannot form the basis of liability in a *Bivens* action. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003). Instead, supervisor liability must be premised on the direct or personal involvement of the named defendant. *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982). *See also, Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (municipality cannot be held liable under § 1983 on *respondeat superior* theory). The Sixth Circuit has confirmed that, to establish any supervisory liability, a plaintiff must allege more than a mere right to control employees and more than negligence. A plaintiff must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. *Hays*, *supra. See also, Carrie v. Rios*, 2008 WL 320329, 2 (E.D. Ky. 2008) (supervisor must "have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct.")

Hart has failed to articulate how, during the relevant time, the BOP Acting Director, Warden, or Assistant Warden had any knowledge of, encouraged, or directly participated in, any alleged misconduct. It appears that Hart named the three defendants based solely on their executive or supervisory positions within the BOP. He clearly has not asserted any direct or personal involvement by these defendants. As such, supervisory liability does not attach. *Combs v. Wilkinson*, 315 F.3d 548, 560 (6th Cir. 2002).

### E. Injunctive Relief

Hart seeks injunctive relief to compel the defendants to reinstate him to the horticultural program. [Record No. 1, ¶ 4] Generally, the moving party bears the burden of establishing his entitlement to a preliminary injunction. *See Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). In addressing a motion for a preliminary injunction, federal courts consider: (i) whether the movant has a strong likelihood of success on the merits; (ii) whether the movant will suffer irreparable harm without the injunction; (iii) the probability that granting the injunction will cause substantial harm to others; and (iv) whether the public interest will be advanced by issuing the injunction. *Summit County Democratic Central and Executive Committee v. Blackwell*, 388 F.3d 547, 552 (6th Cir. 2004). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573. Usually, the failure to show a likelihood of success on the merits is fatal. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

As outlined more fully above, Hart has not demonstrated any likelihood of success on the merits of his claims. Next, he has not shown that he will suffer irreparable injury if an injunction is not entered. The third criterion refers to the balance of equities between the movant and other parties in the litigation such as the defendants, not just third parties outside the litigation. *Rhinehart v. Scutt*, 509 F. App'x 510, 515 (6th Cir. 2013); *Winter v. Natural Recourses Defense Council, Inc.*, 555 U.S. 7, 24-31, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008); *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 579 (6th Cir. 2002). Here, the interests of the defendants in effectively running a prison against Hart's interests in immediate reinstatement to the horticultural program weighs in favor of the defendants.

Finally, the public interest would not be served by issuing an injunction. It would not be in the public's interest to have this Court interfere with prison officials' discretion in the operation and management of the correctional facility. Instead, a strong public interest exists in leaving the administration of prisons to prison officials. *See Rhinehart*, 509 F. App'x at 516.

### F. Motion to File an Amended Complaint

Hart seeks to amend his Complaint to include a claim alleging that the defendants' have violated his "right to counsel under the Constitution of the United States of America and [his] right to due process as guaranteed by the Fifth Amendment (5th) one [sic] the United States of America Constitution." [Record No. 13, p. 4] The defendants maintain that Hart's proposed amended complaint is futile, as this matter would still be subject to dismissal under Fed. R. Civ. Proc. 12(b). The Court agrees.

Under Rule 15 of the Federal Rules of Civil Procedure, a party is generally free to amend his pleading once as a matter of course, if the amendment is made within twenty-one (21) days after service of a motion to dismiss under Rule 12(b). FED. R. CIV. P. 15(a)(1). Otherwise, a party may amend only with the opposing parties' written consent or with permission of the court. FED. R. CIV. P. 15(a)(2). In making this determination, the Court applies the guiding principle that leave should be freely given when justice so requires. This is a liberal standard that clearly favors amendments so that litigation can be resolved on the merits. However, the Sixth Circuit has cautioned that the right to amend is not absolute or automatic. *Tucker v. Middleburg-Legacy Place, LLC*, 539 F.3d 545, 551 (6th Cir. 2008). District courts consider a number of factors when evaluating motions to amend including,

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001).

An amendment is futile when it would not survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). And to survive a motion under Rule 12(b)(6), the proposed complaint need only allege facts which, if proved, would entitle the plaintiff to relief. *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006). It is worth repeating that this is a liberal pleading standard, and the Court construes the complaint in a light most favorable to the plaintiff. *Id.* However, more than bare assertions of legal conclusions are required. Rather, the complaint must contain direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Id.*

Here, Hart's proposed amended complaint does not contain any factual allegations that would give rise to a valid claim sufficient to survive dismissal. It states:

> 24. Without any good cause or reason, therefore, Plaintiff was denied access to his attorney and a meaningful opportunity to pursue this action noted herein above.
>
> 25. Plaintiff has a constitutionally protected interest in his continued professional participation in the attorney-client relationship.
>
> 26. Plaintiff has a constitutionally protected right to forward this litigation.
>
> 27. The actions Defendants denied Plaintiff due process of law in violation of the Fifth Amendment to the United States of America Constitution.

[Record No. 13-1, ¶¶ 24-27]

Hart fails to state more than bare conclusory allegations and does not describe how each individual defendant acted personally to deprive him of his constitutional rights. Additionally, while Hart contends he has a constitutionally protected right to prosecute this litigation, he does not allege how any alleged conduct of the defendants denied him that opportunity. The Court may properly deny a motion for leave to amend if the proposed amendments would be futile. *Riverview Heath Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 519 (6th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And as explained above, Hart's proposed amendment cannot survive a motion to dismiss and meets this test of futility.

### III.

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** as follows:

1. Plaintiff William L. Hart's motion to file an amended complaint [Record No. 13] is **DENIED**.

2. The defendants' motion to dismiss [Record No. 8] is **GRANTED** in all respects.

3. The claims asserted by Plaintiff William Hart, II against Defendants Thomas Kane, Francisco Quintana, Randolph Toy, and Todd Cromer are **DISMISSED**, with prejudice.

4. This action is **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

5. A corresponding Judgment will be entered this date.

This 18th day of September, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge